UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:

Nancy Paul

                                                    Debtor

BANKRUPTCY APPEAL
Chapter 13
Bankruptcy Court Case No.  08-11627

MOTION FOR LEAVE TO APPEAL

NOW COMES Nancy Paul, by her attorney, and respectfully moves the Court pursuant to FRBP 8003 for leave to appeal in this matter, and in support of this motion submits the attached memorandum, incorporated by reference.

A copy of the notice of appeal and the documents constituting the record, as designated by the appellant, are attached to this motion.

June 4, 2010

Respectfully submitted,
Nancy Paul
By debtor's attorney,


/s/          David G. Baker
David G. Baker, Esq.
236 Huntington Avenue, Ste. 306
Boston, MA  02115
617-340-3680
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within motion and related memorandum was served upon the entities named below by the court's CM/ECF system.

/s/          David G. Baker
David G. Baker

Carolyn Bankowski-13  - 13trustee@ch13boston.com

John Fitzgerald  - USTPRegion01.BO.ECF@USDOJ.GOV

Julie Taylor Moran on behalf of Creditor DLJ Mortgage Capital, Inc.
bankruptcy@orlansmoran.com, anhsom@earthlink.net

Paul J. Mulligan on behalf of Creditor DLJ Mortgage Capital, Inc.
bankruptcy@orlansmoran.com, anhsom@earthlink.net

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Nancy Paul<br><br>Debtor | BANKRUPTCY APPEAL<br>Chapter 13<br>Bankruptcy Court Case No.  08-11627 |

MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO APPEAL

Pursuant to Fed.R.Bankr.P. 8003, appellant Nancy Paul submits the following in support of her motion for leave to appeal.

1.        Statement of the Facts

The matter before the bankruptcy court was an objection to confirmation of the appellant/ debtor's (hereinafter "Paul" or "appellant") chapter 13 plan by the Chapter 13 Trustee and the holder or servicer of a first mortgage[1] (hereinafter "DLJ" or "mortgagee") encumbering title to the debtor's residence, a multi-family property in Brockton, Massachusetts.  The plan proposed by Paul included a provision for payment of a mortgage claim of DLJ by distributing a new Note and Mortgage.

Both appellees objected to confirmation for basically the same reason: in their view, the treatment of the claim constituted a "modification" of the claim and thus was required to be paid during the maximum five-year term of the plan through the trustee, citing In re Harris, 200 BR 745 (Bkrtcy.D.Mass. 1996).  Both appellees ignored the economic reality that from the date the petition was filed, March 9, 2008, Paul has paid approximately $39,000 to the trustee, most, if not all, of which could be paid to the mortgagee.  Nonetheless, they have both thwarted Paul's efforts to obtain confirmation of a plan based, apparently, on "principle" rather than the common

---

[1] After the hearing, a different party was substituted for DLJ; however the objection was filed by DLJ and thus it is the appellant unless this court allows substitution, apparently.

sense notion that it is better, both economically as well as a matter of public policy, to have

money in hand than to have a vacant parcel of real estate that cannot be sold in the present real

estate market for more that it would get in the bankruptcy case.  In other words, Paul is quite

willing to pay the mortgagee money – just not as much as it *thinks* it is owed[2], but arguably more

than what it would most likely receive in the current real estate market.

Both appellees (but especially the mortgagee) also struthiously ignored the fact that they

could *assent* to or accept the plan, §1325(a)(5(A).  In re Flynn, 420 BR 437 (1st Cir. BAP 2009).

If they would accept the plan, both appellees would get paid once the plan was confirmed.  For

their own mysterious reasons, however, they choose to prevent confirmation, preferring,

apparently, non-payment or to try to force payment on impossible terms, i.e., within the five year

maximum term of a chapter 13 plan.

The bankruptcy court agreed that "the treatment of the mortgagee's claim in the plan is a

modification … as the debtor is extending the term of the original note and mortgage."  The

court did not explain or distinguish Justice Thomas' comments in Till.  *Order on trustee's*

*objection (#241)*.  As a result, the bankruptcy court would require the full amount of the

mortgage to be paid to the trustee within the five-year maximum term of the plan, which would

be impossible in the best of circumstances, no longer present in this case since the case was filed

on March 9, 2008, and more than two of the five years have passed.

2.        Questions presented and relief sought

The questions presented are whether the bankruptcy court correctly determined that the

treatment of the mortgagee's claim constituted a "modification" and sustained the objections.  To

resolve the question, the court must examine the interplay between the permissive provisions of

---

[2] At one point, DLJ agreed to process an application for a HAMP loan modification, and Paul submitted it.
However, once the loan was sold to a new holder, the new holder refused to process the application.  The
mortgagee's bad faith is palpable.

§1322(b) and the mandatory provisions of §1325(a)(5).  As this is a question of law, this court's

review is *de novo*.  In re de Jounghe, 334 BR 760 (1st Cir. BAP 2005).

In responding to the trustee's objection, Paul denied that she was "modifying" the

mortgagee's claim.  Instead, the plan stated that she was paying the claim in full by distributing

property *other than* cash.  This is not mere disingenuous sophistry; it is solidly based on

Supreme Court precedent.  In Till et ux v. SCS Credit Corporation, 541 US 465, 488 - 489,

Justice Thomas, in his concurrence, stated:

> "Although 'property' is not defined in the Bankruptcy Code, nothing in §1325 suggests
> that "property" is limited to cash.  Rather, " 'property' can be cash, notes, stock, personal
> property or real property; in short, anything of value."   7 Collier on Bankruptcy
> ¶1129.03[7][b][i], p. 1129-44 (15th ed.2003) (discussing Chapter 11's cram down
> provision).  **And if the 'property to be distributed' under a Chapter 13 plan is a note**
> (*i.e.,* a promise to pay), for instance, the value of that note necessarily includes the risk
> that the debtor will not make good on that promise."

(emphasis added).  Thus in proposing to distribute a Note and Mortgage to the mortgagee, Paul is

doing nothing more than what the Code permits, according to Justice Thomas.  *See also* Rake v.

Wade, 508 U.S. 464, 472, n. 8, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993) (noting that property

distributions under §1325(a)(5)(B)(ii) may take the form of "a stream of future payments").  A

"note" is a promise of a stream of future payments.  Nothing in Till or Rash requires that the

stream of payments made directly to the creditor be confined to the maximum five year term of

the plan.

Paul went on to explain that her plan conformed to every part of §1325(a)(5).  That

statute requires the bankruptcy court to confirm a plan over objections if the plan treats the

secured claim in accordance with its provisions.  In re Hamilton, 401 BR 539 (1st Cir. BAP

2009).  Paul's plan conforms to each subpart of §1325(a)(5)(B) because 1) the plan explicitly

states that DLJ/Select Portfolio will retain its existing lien until discharge under §1328; 2) the

plan provides that as of the effective date of the plan, the property to be distributed to Select

Portfolio on account of its secured claim is not less than the amount of the secured claim, i.e., the

amount stated on the Proof of Claim (the accuracy of which is admitted <u>solely</u> for purposes of

confirmation and without prejudice); 3) because property being distributed is not in the form of

"periodic payments" (which means cash payments, *see* <u>Till</u> as quoted above, not a Note and

Mortgage), subsection (iii) does not apply, but even if it does, the new Note and Mortgage

provides for a fixed interest rate so the payments will be in equal monthly amounts.

In sustaining the trustee's objection, the bankruptcy court stated that the plan was a

"modification … pursuant to 11 USC §1322(b)(2)… "  The provisions of §1322(b) are

*permissive*, not mandatory, and certainly not all-inclusive, <u>In re Nosek</u>, 544 F.3d 34 (1st Cir.

2008), since §1322(b)(11) is a "catch-all" provision, allowing inclusion of any provision not

inconsistent with Title 11.  As Justice Thomas stated, distributing a new note (accompanied, in

this case, by a mortgage) is not inconsistent with Title 11.  Being permissive, a debtor is <u>not</u>

required to comply with any of the subsections of §1322(b).  By contrast, in order to obtain

confirmation over objections, a debtor <u>must</u> comply with §1325(a)(5) in treating a secured claim.

*See* <u>Rash</u> and <u>Till</u>, *supra.*  As argued above, Paul's plan *does* comply.

The fundamental issue, therefore is whether the "property distributed" pursuant to the plan is

cash or a new Note and Mortgage.  At the hearing, the appellees both acknowledged that the

property being distributed is a new Note and Mortgage, but argued in essence that *payments*

pursuant to the new Note and Mortgage must be made through the trustee and during the five-

year term of the plan.  This is an absurd result since it would require an impossibility; no debtor

will be able to pay a mortgage in full within five years, especially since balloon payments are no

longer permissible, apparently, Hamilton, *supra*.  Nonetheless, the bankruptcy court sustained

the objections.  In doing so, it erred in interpreting the bankruptcy code and should be reversed.

    3.    <u>Reason why leave to appeal should be granted</u>

Leave to appeal should be granted because the question appears to be one of first

impression, as no case law has been discovered that addresses this precise issue[3], and is of great

importance to chapter 13 practice in the circuit because in the present economy, more and more

individuals are seeking protection under chapter 13 in order to deal with mortgage defaults.  This

is especially true in this case, as the debtor has been trying for more than two years to obtain

confirmation of a plan.  Both the chapter 13 trustee and the mortgagee have successfully objected

to every previous plan that Paul has proposed.  Neither the trustee nor the mortgagee have been

prejudiced[4], unlike Paul, because Paul has paid the trustee approximately $39,000 thus far.

Because the question arises in the context of an objection to confirmation of a chapter 13

plan, the question is not likely to reach an appellate court unless leave is granted since an order

denying confirmation is not an immediately appealable order.  <u>In re Watson</u>, 309 BR 652 (1st Cir.

BAP 2004), *citing* <u>Bentley v. Boyajian</u>, 266 BR 229 (1st Cir. BAP 2001)[5].  While it is true that

---

[3] <u>Till</u> and <u>Rash</u> pertained more to interest rate and valuation than the type of property that may be distributed pursuant to a chapter 13 plan.

[4] Curiously, the trustee is the one most likely to be prejudiced if the case is dismissed before confirmation because in that context, she receives a flat fee of $150 for administering the case.  *See* Local Bankruptcy Rule 13-19(f).  Given that this case has lingered more than two years without confirmation and is likely to be dismissed if the present plan is not confirmed, the trustee's own economic self-interest would seem to warrant *helping* the debtor, rather than hindering her.  If the case is dismissed, all of the remaining money paid to the trustee is returned to the debtor, not the creditor.  §1328(a)(2).

[5] The debtor herein does not agree with this holding for the reasons set forth by the concurring judges in <u>In re Zahn</u>, 367 BR 654 (8th Cir. BAP 2007).  In that case, the debtor filed an amended plan after confirmation was denied, then objected to her own amended plan.  The bankruptcy court overruled the debtor's objection to her own plan and confirmed it.  The debtor appealed to the BAP, which dismissed the appeal since the debtor was not "aggrieved" by confirmation since she had proposed the plan, even though she objected to confirmation.  On further appeal, the Court of Appeals reversed, holding that because the plan was confirmed over the debtor's objection, she was "aggrieved" by confirmation, which is a final, appealable order.  <u>In re Zahn</u>, -- F.3d --, 2008 WL 2130508 (8th Cir. 2008).  The Court of Appeals declined the BAP's invitation to revisit the issue of finality of orders denying confirmation.  The procedure used in <u>Zahn</u> is not open to this debtor because, as stated above, she cannot formulate any other plan that would be feasible, and thus such plans would lack good faith.

the debtor is not foreclosed, as a matter of law[6], from filing an amended plan, the reality is that there is no alternative plan that the debtor could propose in this case that would have a reasonable likelihood of being confirmed, as any other alternatives would likely not be feasible within the meaning of §1325(a)(6), a mandatory provision.

Like the appeal in <u>Watson</u>, this matter satisfies the criteria for interlocutory appeal in 28 USC §158(a)(3). The criteria require the court to consider whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Confirmation was denied because, in the judge's view, the plan provision constituted a modification, and the statute requires that a modified secured claim be paid during the maximum five-year term of the plan. If the judge is incorrect, the order must be reversed and the plan confirmed. This context satisfies all three requirements of 28 USC §158(a)(3) because the question presented is controlling as to confirmation; there is a substantial ground for difference of opinion as there is no case law on point, so far as is known at this time; and an immediate appeal will materially advance the ultimate termination of the litigation because once the question is resolved, either the debtor will have to file an amended plan, failing which the case would be dismissed[7], or the plan will have to be confirmed. In addition, absent leave to appeal, it is unlikely that the issue would ever be presented to an appellate court.

Paul believes the judge is incorrect for the reasons given above. Only a debtor may file a plan, and only a debtor may propose an amended prior to confirmation. <u>In re Muessel</u>, 292 BR

---

[6] In fact, the bankruptcy judge ordered the debtor to file an amended plan.

[7] Allowing the case to be dismissed, as in <u>Bentley</u>, is not a practical option because Massachusetts does not require judicial foreclosure, and once the case is dismissed, the mortgagee is free to resume foreclosure. If a stay of dismissal were denied and foreclosure took place, the appeal would be rendered moot. *See* <u>In re Lomagno</u>, 429 F.3d 16 (1st Cir. 2005). Foreclosure is not a risk the debtor should be required to take.

712 (1st Cir. BAP 2003).  It is beyond question that if a plan complies with the requirements of

§132(a)(5) in its treatment of a secured claim, the plan <u>must</u> be confirmed over objections

relating to that treatment.  Paul's plan complied and should have been confirmed.

    4.    <u>Conclusion</u>

Because the record necessary for this appeal is not voluminous, it is attached to this

motion.  For the reasons set forth herein, leave to appeal should be granted.


June 4, 2010

    Respectfully submitted,
    Nancy Paul
    By debtor's attorney,


    /s/        *David G. Baker*
    David G. Baker, Esq.
    236 Huntington Avenue, Ste. 306
    Boston, MA  02115
    617-340-3680
    BBO# 634889